# EXHIBIT A



**CT Corporation**
**Service of Process Notification**
04/27/2023
CT Log Number 543722229

# Service of Process Transmittal Summary

**TO:**  Brette Kranz
MINERALS TECHNOLOGIES INC.
622 3rd Ave Fl 38
New York, NY 10017-6729

**RE:**  Process Served in Connecticut

**FOR:**  Specialty Minerals Inc.  (Domestic State: DE)

**ENCLOSED ARE COPIES OF LEGAL PROCESS RECEIVED BY THE STATUTORY AGENT OF THE ABOVE COMPANY AS FOLLOWS:**

| | |
|---|---|
| **TITLE OF ACTION:** | Re: JASON BLACK // To: Specialty Minerals Inc. |
| **CASE #:** | None Specified |
| **NATURE OF ACTION:** | Employee Litigation - Wrongful Termination |
| **PROCESS SERVED ON:** | C T Corporation System, East Hartford, CT |
| **DATE/METHOD OF SERVICE:** | By Process Server on 04/27/2023 at 10:26 |
| **JURISDICTION SERVED:** | Connecticut |
| **ACTION ITEMS:** | CT will retain the current log |
| | Image SOP |
| | Email Notification,  Brette Kranz  Brette.Kranz@Mineralstech.com |
| | Email Notification,  Thomas Meek  thomas.meek@mineralstech.com |
| | Email Notification,  Timothy Jordan  Timothy.Jordan@mineralstech.com |
| | Email Notification,  Judy Geiser  judy.geiser@mineralstech.com |
| | Email Notification,  Joseph Meadows  Joseph.Meadows@mineralstech.com |
| **REGISTERED AGENT CONTACT:** | C T Corporation System
67 Burnside Ave
East Hartford, CT 06108
866-401-8252
EastTeam2@wolterskluwer.com |

The information contained in this Transmittal is provided by CT for quick reference only. It does not constitute a legal opinion, and should not otherwise be relied on, as to the nature of action, the amount of damages, the answer date, or any other information contained in the included documents. The recipient(s) of this form is responsible for reviewing and interpreting the included documents and taking appropriate action, including consulting with its legal and other advisors as necessary. CT disclaims all liability for the information contained in this form, including for any omissions or inaccuracies that may be contained therein.



# PROCESS SERVER DELIVERY DETAILS

**Date:** Thu, Apr 27, 2023
**Server Name:** Drop Service

| Entity Served | SPECIALTY MINERALS INC. |
|---|---|
| Case Number | |
| Jurisdiction | CT |

| Inserts | |
|---|---|
| | |



# SUMMONS - CIVIL

JD-CV-1 Rev. 10-15
C.G.S. §§ 51-346, 51-347, 51-349, 51-350, 52-45a,
52-48, 52-259, P.B. §§ 3-1 through 3-21, 8-1, 10-13

**STATE OF CONNECTICUT**
**SUPERIOR COURT**
www.jud.ct.gov

See other side for instructions

☐ "X" if amount, legal interest or property in demand, not including interest and costs is less than $2,500.
☒ "X" if amount, legal interest or property in demand, not including interest and costs is $2,500 or more.
☐ "X" if claiming other relief in addition to or in lieu of money or damages.

TO: Any proper officer; BY AUTHORITY OF THE STATE OF CONNECTICUT, you are hereby commanded to make due and legal service of this Summons and attached Complaint.

| Address of court clerk where writ and other papers shall be filed *(Number, street, town and zip code)* (C.G.S. §§ 51-346, 51-350) | Telephone number of clerk *(with area code)* | Return Date *(Must be a Tuesday)* |
|---|---|---|
| 50 FIELD STREET, TORRINGTON, CONNECTICUT 06790 | ( 860 ) 626-2100 | MAY 30, 2023 |

| ☒ Judicial District  ☐ Housing Session | ☐ G.A. Number: | At *(Town in which writ is returnable)* (C.G.S. §§ 51-346, 51-349) LITCHFIELD AT TORRINGTON | Case type code *(See list on page 2)* Major: M   Minor: 90 |
|---|---|---|---|

For the Plaintiff(s) please enter the appearance of:

| Name and address of attorney, law firm or plaintiff if self-represented *(Number, street, town and zip code)* | Juris number *(to be entered by attorney only)* |
|---|---|
| Cicchiello & Cicchiello, LLP, 364 Franklin Avenue, Hartford, CT 06114 | 419987 |

| Telephone number *(with area code)* | Signature of Plaintiff *(If self-represented)* |
|---|---|
| ( 860 ) 296-3457 | |

The attorney or law firm appearing for the plaintiff, or the plaintiff if self-represented, agrees to accept papers (service) electronically in this case under Section 10-13 of the Connecticut Practice Book.   ☒ Yes   ☐ No

Email address for delivery of papers under Section 10-13 *(if agreed to)*: mparadisi@cicchielloesq.com; and mcarillo@cicchielloesq.com

Number of Plaintiffs: 1   Number of Defendants: 1   ☐ Form JD-CV-2 attached for additional parties

| Parties | Name *(Last, First, Middle Initial)* and Address of Each party *(Number; Street; P.O. Box; Town; State; Zip; Country, if not USA)* | |
|---|---|---|
| First Plaintiff | Name: BLACK, JASON  Address: 264 CAMPVILLE ROAD, NORTHFIELD, CT 06778 | P-01 |
| Additional Plaintiff | Name:  Address: | P-02 |
| First Defendant | Name: SPECIALTY MINERALS, INC.  Address: AGENT: C T CORPORATION SYSTEM, 67 BURNSIDE AVE., EAST HARTFORD, CT 06108-3408 | D-01 |
| Additional Defendant | Name:  Address: | D-02 |
| Additional Defendant | Name:  Address: | D-03 |
| Additional Defendant | Name:  Address: | D-04 |

## Notice to Each Defendant

1. **YOU ARE BEING SUED.** This paper is a Summons in a lawsuit. The complaint attached to these papers states the claims that each plaintiff is making against you in this lawsuit.
2. To be notified of further proceedings, you or your attorney must file a form called an "Appearance" with the clerk of the above-named Court at the above Court address on or before the second day after the above Return Date. The Return Date is not a hearing date. You do not have to come to court on the Return Date unless you receive a separate notice telling you to come to court.
3. If you or your attorney do not file a written "Appearance" form on time, a judgment may be entered against you by default. The "Appearance" form may be obtained at the Court address above or at *www.jud.ct.gov* under "Court Forms."
4. If you believe that you have insurance that may cover the claim that is being made against you in this lawsuit, you should immediately contact your insurance representative. Other action you may have to take is described in the Connecticut Practice Book which may be found in a superior court law library or on-line at *www.jud.ct.gov* under "Court Rules."
5. If you have questions about the Summons and Complaint, you should talk to an attorney quickly. **The Clerk of Court is not allowed to give advice on legal questions.**

| Signed *(Sign and "X" proper box)* | ☒ Commissioner of the Superior Court  ☐ Assistant Clerk | Name of Person Signing at Left  Matthew D. Paradisi | Date signed  04/24/2023 |
|---|---|---|---|

If this Summons is signed by a Clerk:
a. The signing has been done so that the Plaintiff(s) will not be denied access to the courts.
b. It is the responsibility of the Plaintiff(s) to see that service is made in the manner provided by law.
c. The Clerk is not permitted to give any legal advice in connection with any lawsuit.
d. The Clerk signing this Summons at the request of the Plaintiff(s) is not responsible in any way for any errors or omissions in the Summons, any allegations contained in the Complaint, or the service of the Summons or Complaint.

For Court Use Only
File Date

A TRUE COPY ATTEST
KEITH D. NIZIANKIEWICZ
CONNECTICUT STATE MARSHAL
INDIFFERENT PERSON

| I certify I have read and understand the above: | Signed *(Self-Represented Plaintiff)* | Date | Docket Number |
|---|---|---|---|

(Page 1 of 2)

## Instructions

1. Type or print legibly; sign summons.
2. Prepare or photocopy a summons for each defendant.
3. Attach the original summons to the original complaint, and attach a copy of the summons to each copy of the complaint. Also, if there are more than 2 plaintiffs or more than 4 defendants prepare form JD-CV-2 and attach it to the original and all copies of the complaint.
4. After service has been made by a proper officer, file original papers and officer's return with the clerk of court.
5. Do not use this form for the following actions:

   (a) Family matters (for example divorce, child support, custody, paternity, and visitation matters).
   (b) Summary process actions.
   (c) Applications for change of name.
   (d) Probate appeals.
   (e) Administrative appeals.
   (f) Proceedings pertaining to arbitration.
   (g) Any actions or proceedings in which an attachment, garnishment or replevy is sought.

### ADA NOTICE

The Judicial Branch of the State of Connecticut complies with the Americans with Disabilities Act (ADA). If you need a reasonable accommodation in accordance with the ADA, contact a court clerk or an ADA contact person listed at www.jud.ct.gov/ADA.

## Case Type Codes

| Major Description | Codes Major/Minor | Minor Description | Major Description | Codes Major/Minor | Minor Description |
|---|---|---|---|---|---|
| Contracts | C 00 | Construction - All other | Torts (Other than Vehicular) | T 02 | Defective Premises - Private - Snow or Ice |
|  | C 10 | Construction - State and Local |  | T 03 | Defective Premises - Private - Other |
|  | C 20 | Insurance Policy |  | T 11 | Defective Premises - Public - Snow or Ice |
|  | C 30 | Specific Performance |  | T 12 | Defective Premises - Public - Other |
|  | C 40 | Collections |  | T 20 | Products Liability - Other than Vehicular |
|  | C 90 | All other |  | T 28 | Malpractice - Medical |
| Eminent Domain | E 00 | State Highway Condemnation |  | T 29 | Malpractice - Legal |
|  | E 10 | Redevelopment Condemnation |  | T 30 | Malpractice - All other |
|  | E 20 | Other State or Municipal Agencies |  | T 40 | Assault and Battery |
|  | E 30 | Public Utilities & Gas Transmission Companies |  | T 50 | Defamation |
|  | E 90 | All other |  | T 61 | Animals - Dog |
|  |  |  |  | T 69 | Animals - Other |
| Miscellaneous | M 00 | Injunction |  | T 70 | False Arrest |
|  | M 10 | Receivership |  | T 71 | Fire Damage |
|  | M 20 | Mandamus |  | T 90 | All other |
|  | M 30 | Habeas Corpus (extradition, release from Penal Institution) | Vehicular Torts | V 01 | Motor Vehicles* - Driver and/or Passenger(s) vs. Driver(s) |
|  | M 40 | Arbitration |  | V 04 | Motor Vehicles* - Pedestrian vs. Driver |
|  | M 50 | Declaratory Judgment |  | V 05 | Motor Vehicles* - Property Damage only |
|  | M 63 | Bar Discipline |  | V 06 | Motor Vehicle* - Products Liability Including Warranty |
|  | M 66 | Department of Labor Unemployment Compensation Enforcement |  | V 09 | Motor Vehicle* - All other |
|  |  |  |  | V 10 | Boats |
|  | M 68 | Bar Discipline - Inactive Status |  | V 20 | Airplanes |
|  | M 70 | Municipal Ordinance and Regulation Enforcement |  | V 30 | Railroads |
|  | M 80 | Foreign Civil Judgments - C.G.S. 52-604 & C.G.S. 50a-30 |  | V 40 | Snowmobiles |
|  |  |  |  | V 90 | All other |
|  | M 83 | Small Claims Transfer to Regular Docket |  |  | *Motor Vehicles include cars, trucks, motorcycles, and motor scooters. |
|  | M 84 | Foreign Protective Order |  |  |  |
|  | M 90 | All other |  |  |  |
| Property | P 00 | Foreclosure |  |  |  |
|  | P 10 | Partition | Wills, Estates and Trusts | W 10 | Construction of Wills and Trusts |
|  | P 20 | Quiet Title/Discharge of Mortgage or Lien |  | W 90 | All other |
|  | P 30 | Asset Forfeiture |  |  |  |
|  | P 90 | All other |  |  |  |

| | |
|---|---|
| RETURN DATE: MAY 30, 2023 | SUPERIOR COURT |
| JASON BLACK | J.D. OF LITCHFIELD |
| VS. | AT TORRINGTON |
| SPECIALTY MINERALS, INC. | APRIL 24, 2023 |

## COMPLAINT

**COUNT ONE:**      **WRONGFUL DISCHARGE – C.G.S. § 21A-480P(b)(3)**

1. The Plaintiff in this matter, JASON BLACK ("Plaintiff"), was at all times relevant to this Action a resident of Northfield, Connecticut.

2. The Defendant, SPECIALTY MINERALS, INC., is a foreign corporation, with a business address of 622 Third Avenue, 38th Floor, New York, NY 10017, and which operates a dolomite plan located at 30 Daisy Hill Road, Canaan, CT 06018.

3. Plaintiff is a qualifying patient as defined by Conn. Gen. Stat. § 21a-408(15), and engages in the palliative use of marijuana to alleviate his symptoms of PTSD and/or other debilitating medical conditions, and such palliative use is in accordance with that term's definition as reflected in Conn. Gen. Stat. §21a-408(11).

4. Defendant is an employer as defined by Conn. Gen. Stat. § 21a-408p(3).

5. Plaintiff commenced employment with Defendant in or about October of 2014 as a maintenance mechanic, working at its plant in Canaan, Connecticut.

6. Plaintiff's responsibilities entailed, *inter alia*, repairing and maintaining equipment at Defendant's Canaan, Connecticut plant.

7. Plaintiff performed his work for Defendant at or above satisfactory levels at all times, and was a good employee, as evidenced by his long tenure, positive performance reviews, and consistent raises he received.

8. Plaintiff uses medical marijuana as a sleep aid, and at no time has Plaintiff reported to work for Defendant under the influence of marijuana.

9. Plaintiff has never used marijuana during working hours while employed with Defendant.

10. Plaintiff's use of medical marijuana has never affected his ability to perform his work for Defendant.

11. Plaintiff's use of medical marijuana has never compromised his ability to perform his work for Defendant safely.

12. On or about January 20, 2023, Defendant informed Plaintiff that he had been selected for a random drug screening.

13. Accordingly, Defendant instructed Plaintiff to report to its designated occupational medicine clinic for the drug screening.

14. Plaintiff complied, and reported to Defendant's designated clinic to undergo a drug screening.

15. While at the clinic, Plaintiff informed on-site staff that he possesses a medical marijuana card, and presented the card to the providers at the clinic.

16. Plaintiff underwent the drug screening at the clinic.

17. Plaintiff then return to work, and was subsequently informed by his supervisor, Brian Tornowscus, that he had passed his screening.

18. Accordingly, Plaintiff performed his work for Defendant without issue through January 26, 2023, when Defendant human resources representative, Stephanie [last name unrecalled] ("Stephanie"), contacted Plaintiff via phone prior to his shift and instructed him that he was being suspended.

19. Stephanie, during the course of the ensuing conversation, informed Plaintiff that the reason he was being suspended was on account of him purportedly having tested positive for marijuana.

20. In response, Plaintiff informed Stephanie that he has his medical marijuana card, and that he had informed the medical clinicians of the same and provided them with a copy of the card in connection with undertaking the drug screening.

21. In response, Stephanie conveyed, in form or substance, that Defendant management was "upset" that Plaintiff had failed to disclose previously that he had his medical marijuana card, and inquired of Plaintiff as to why he had not disclosed the same previously.

22. In response, Plaintiff conveyed that his medical conditions and medications were private, and that they had never impacted his ability to perform his work or do so safely.

23. Thereafter, during the course of his suspension, Plaintiff forwarded to Respondent a copy of his valid registration certificate from the Connecticut Department of Consumer Protection.

24. On or about February 2, 2023, Plaintiff was contacted by Jay Sams, Defendant's plant manager, who instructed Plaintiff to report to the plant.

25. Plaintiff complied, and reported to a meeting with Mr. Sams on or about February 3, 2023.

26. Mr. Sams terminated Plaintiff during the course of the meeting, and gave him a copy of a memorandum, indicating that the reason for his termination was "On January 20, 2023 you were directed to Concentra for a random drug and alcohol

screening. The test results of your sample were non-negative which indicate you have used prohibited drugs. Due to your non-negative drug test results your employment is being terminated effective February 3, 2023."

27. Based on Plaintiff's lawful and palliative use of medical marijuana, the results of Plaintiff's drug screening for marijuana had been reported to Defendant simply as "non-negative."

28. At all times relevant, Defendant's own drug and alcohol policies provided, *inter alia*, that "Marijuana, while legal for recreational and medicinal purposes under some state laws, remains illegal under federal law and use is prohibited by the Company *except where the law requires otherwise*. The Company *will comply with applicable laws regarding the use of marijuana for medicinal purposes*, including but not limited to granting accommodations for such use where required by law, provided that such compliance does not cause the Company to violate any federal laws, contracts, or agreements." (emphasis added)

29. Plaintiff's lawful use of medical marijuana did not cause and would not have caused Defendant to violate any federal laws, contracts, or agreements.

30. At all times relevant, Defendant's drug and alcohol policies provided, in pertinent part, "Specimens testing positive for drugs…are reported as positive to a Medical Review Officer (MRO), who is a licensed physician. The MRO will review positive test results and determine whether there are any valid reasons for the presence of the substance that was tested positive. The MRO will notify the employee of the positive test result and will give the employee an opportunity to provide information to rebut or explain the test result and may ask the employee to provide documentary evidence to support

the employee's position…If there is a legitimate medical explanation for the positive test, it will be reported as a negative to the Company."

31. Defendant failed to abide by its own policies with respect to the handling of Plaintiff's drugs screening, insofar as:

    a. Plaintiff's lawful use of palliative medical marijuana was "a legitimate medical explanation for the positive test," and accordingly, should have been "reported as a negative to the Company" by its Medical Review Officer; and/or

    b. Defendant deliberately terminated Plaintiff on the basis of a report by its Medical Review Officer that Plaintiff's test results were "negative" within the meaning of its drug use policy, in light of Plaintiff's use of medical marijuana being in accordance with Connecticut's Palliative Use of Marijuana laws, C.G.S. § 21a-408 *et seq.*

32. Through the foregoing conduct, the Defendant unlawfully discharged Plaintiff and penalized him solely on the basis of his status as a qualifying patient as defined by Conn. Gen. Stat. §21a-408 et seq.

33. As a result of the foregoing unlawful conduct of the Defendant, the Plaintiff has suffered, and will suffer, monetary damages, including but not limited to lost wages and fringe benefits.

34. As a further result of the foregoing unlawful conduct of the Defendant, the Plaintiff has suffered or may suffer emotional distress.

WHEREFORE, Plaintiff prays for the following relief:

1. Money damages;

2. Attorneys' fees and costs of this Action; and

3. All other awardable relief.

                          PLAINTIFF,
                          JASON BLACK

BY: _____
        Matthew D. Paradisi
        Cicchiello & Cicchiello, LLP
        364 Franklin Avenue
        Hartford, CT 06114
        Phone: 860-296-3457
        Fax: 860-296-0676
        Email: mparadisi@cicchielloesq.com

A TRUE COPY ATTEST
KEITH D. NIZIANKIEWICZ
CONNECTICUT STATE MARSHAL
INDIFFERENT PERSON

| | | |
|---|---|---|
| RETURN DATE: MAY 30, 2023 | : | SUPERIOR COURT |
| JASON BLACK | : | J.D. OF LITCHFIELD |
| VS. | : | AT LITCHFIELD |
| SPECIALTY MINERALS, INC. | : | APRIL 24, 2023 |

## STATEMENT OF AMOUNT IN DEMAND

The amount in demand exceeds $15,000.00, excluding costs and interests.

PLAINTIFF,
JASON BLACK

BY: _____
Matthew D. Paradisi
Cicchiello & Cicchiello, LLP
364 Franklin Avenue
Hartford, CT 06114
Phone: 860-296-3457
Fax: 860-296-0676
Email: mparadisi@cicchielloesq.com


A TRUE COPY ATTEST
_____
KEITH D. NIZIANKIEWICZ
CONNECTICUT STATE MARSHAL
INDIFFERENT PERSON